UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MOHAMED AZVAR,

    Petitioner,

v.

ERIC H. HOLDER, U.S. Attorney General, *et al.*,

    Respondents.

Case No. CV 14-5936-JAK-SHx

**PROTECTIVE ORDER**

In the course of discovery, the parties anticipate the production of documents containing identifying information relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records and databases, including individual alien files, some of which are in the possession, custody, and control of Respondents and Respondents' counsel. Respondents agree to produce to Petitioner unredacted records relating to Petitioner, and (where appropriate and allowable by law) third parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the parties have stipulated.

WHEREFORE, at the request of counsel for Petitioner and counsel for Respondents ("the Parties"),

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act protective order, pursuant to 5 U.S.C. § 552a(b)(11), Respondents are authorized to release to counsel for Petitioner, and to the Court in this case, discovery containing

unredacted identifying information of third parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

    1.    The Parties agree that the terms of this protective order will govern the entirety of any record covered by the Privacy Act which has been or will be produced in discovery taken in this case.

    2.    The parties agree that the Protective Order will *not* cover information that either:

        a.    is in the public domain at the time of disclosure, as evidenced by a written document;

        b.    becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

        c.    the receiving party can show by written document was in its rightful possession at the time of disclosure; or

        d.    lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure.

    3.    To the extent that the federal government produces any documents or records that contain third-party names, addresses, birth dates, or any other identifying information (i.e., information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this protective order. All such Privacy Act information

is subject to this protective order and may be used solely for purposes of this litigation – *Azvar v. Holder*, C.D. Cal. 14-cv-5936 – including any appeal of any decision(s) this Court issues with respect to this litigation. This protective order applies to documents that were originally under the control of the Department of Homeland Security.

  4. Counsel for Respondents shall designate documents containing confidential information as confidential by placing the word "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

PROTECTED

  THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN THE *AZVAR V. HOLDER* CASE. THIS DOCUMENT AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

  5. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

    a. counsel for Petitioner, Petitioner, and any support staff of such counsel assisting in this action;

    b. the Court and its personnel;

    c. court reporters, translators, and other litigation support personnel;

    d. individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning

the subject matter of information or records produced subject to this protective order;

e. expert witnesses or consultants retained or consulted by Petitioner or Respondents;

f. the author of the document or the original source of the information; and

g. any Court of Appeals and its personnel, in the event of an appeal of any decision this Court issues with respect to this litigation.

6. Upon the entry of this order, counsel for Respondents will make any redactions to the documents marked "COVERED BY PROTECTIVE ORDER" for the purpose of protecting the privacy of third parties who may be identified in the discovered material.  This order does not prohibit or otherwise affect a waiver of any other privilege (e.g., law enforcement privilege, attorney client privilege, deliberative process privilege, etc.) Respondents might assert.  Petitioner reserves the right to file a motion to compel for any redacted information.

7. All persons listed in Paragraph 5(a) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 5(b)-(g) above, any confidential information, except as provided in this protective order.

8. All persons listed in Paragraphs 5(d) and (e) above, to whom identifying information is disclosed, shall first be required to read the terms of this protective order

and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. Counsel for Petitioner or for Respondents shall maintain the signed Acknowledgment forms.

9.     To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.

10.    No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made. Where protected documents or information is used at a hearing, trial, or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this protective order.

11.    Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this protective order shall be held to

have waived any rights by such inadvertent disclosure.  Any document or information so produced and subject to a subsequent claim of privilege, work product, or other protection, including protection under this protective order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

      12.    Within 90 days of the final conclusion of this litigation, including any appeals, counsel for Petitioner shall collect all documents produced pursuant to this protective order that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Respondents pursuant to the terms of this protective order.  Alternatively, counsel for Petitioner shall destroy said documents by shredding.  Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of information from protected documents.

      13.    Agreement to this protective order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

      14.    Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

15. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

16. Petitioner may seek written consent authorizing the release of information from others as it relates to their third party information (Privacy Act Waiver). Disclosure of information related to a third party who has executed a Privacy Act Waiver shall be governed by the terms of the Privacy Act Waiver executed by the third-party.

17. The parties may, by stipulation, provide for exceptions to this order and any party may apply to this Court at any time, upon proper notice, for a modification of this protective order with respect to the handling or designation of any document or for any other purpose.

18. This order shall be binding upon any present and future party to the litigation in *Azvar v. Holder,* C.D. Cal. 14-cv-5936, including any appeal of any decision(s) of this Court with respect to this litigation.

19. This order shall be effective and enforceable upon its signature by the Court. Done on November 24, 20014, at Los Angeles, California.

_____
The Honorable Stephen J. Hillman
United States Magistrate Judge